IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

FREDDIE J. STEIMEL, )
)
        Plaintiff, ) No. 10-2043 EJM
)
vs. ) ORDER
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
        Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. Briefing concluded February 11, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

Claiming an onset date of June 17, 2007, plaintiff alleges disability due to degenerative disc disease of the cervical and lumbar spine with peripheral neuropathy in the lower extremities bilaterally, right eye enucleation, remote history of brain injury with static encephalomalacia, and cognitive disorder, NOS, and the Administrative Law Judge (ALJ) found that combination of impairments to be severe, in addition to multiple non-severe impairments. Plaintiff asserts the Appeals Council failed to give sufficient weight to a decision of the Department of Veteran Affairs awarding him a total disability rating. Additionally, he asserts the ALJ did not give appropriate weight to the opinion of his treating physician, erred in relying upon an incomplete hypothetical question posed to a vocational expert,

and erred in evaluating his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record as a whole, it is the court's view that the ALJ erred in not affording appropriate weight to the views of primary treating physician Patel (which are consistent with the record, including the views of treating physician Howell), and erred in discounting the credibility of plaintiff's subjective allegations - the court is satisfied that plaintiff's minimal daily activities are not inconsistent therewith. Accordingly, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole. When Dr. Patel's views are afforded the weight to which they are entitled, as with plaintiff's subjective allegations, the court is satisfied that the record, including vocational expert testimony, establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982 (en banc).

Due to the court's disposition of this matter, the court need not address plaintiff's remaining contentions, including the Commissioner's claimed failure to properly consider the 2009 decision of the Department of Veterans Affairs finding plaintiff entitled to a total disability rating as of April 14, 2007.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

June 16, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT